ADKINS, J.,
Concurring.
The Majority opinion is well-researched and well-stated. Respectfully, I write this concurring opinion to articulate a constraint on our disciplinary authority that the Majority does not express. In my view, there are boundaries on our authority to discipline an attorney for false statements or reckless statements under Maryland Lawyers’ Rules of Professional Conduct 8.2(a) that are dependent on the context of the false or reckless statement that is made. Judge McDonald ventures that “few lawyers — or judges — have not, at some time, uttered an unkind and undeserved criticism of a judge, an Attorney General, a State’s Attorney, or a Public Defender.” McDonald, J., Concurring and Dissenting Op. at 275, 85 A.3d at 281. I agree, and add that, in frustration, disappointment, or anger at an adverse ruling, it is altogether human to do so— even if the statement is false, or made with reckless disregard for its truth. Such statements should not be the subject of professional discipline, provided they are made to family members, within the confines of one’s own law firm, or to other close associates whom the speaker knows to be like-minded. Were we to discipline lawyers for such statements, we and the Attorney Grievance Commission would be treading on the constitutional protection for freedom of speech so cherished by our citizens.
*272 As Judge McDonald points out, the First Amendment is not confined to, or even primarily directed at, discussions among like-minded people. I limit my comment to this context only to give reassurance to practicing lawyers that I, at least, would not agree to our being “word police” of their day-to-day conversations about judges.
But, here, the statements made by Respondent were not so confined. As the Majority says, the statements in question were intentionally mailed by Respondent to lawyers who were not part of a judicial or other disciplinary body, and with whom he had absolutely no relationship and no reason to correspond, except to make the admittedly false and defamatory statements. I do not share Judge McDonald’s view that we should restrain from imposing discipline based upon a respondent’s deemed admissions. In this context, I agree that the discipline imposed by the Majority opinion is fully justified.